UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BANKASA LAND TRUST,

Plaintiff,

v.

TOTAL LENDER SOLUTIONS, INC., *et al.*,

Defendants.

Case No. 1:26-cv-03827-KES-CDB

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Docs. 2, 6

Plaintiff Bankasa Land Trust initiated this action with the filing of a complaint on May 18, 2026, asserting causes of action against Defendants Total Lender Solutions, Inc., Urbane Development, LLC, and MK Consultant, Inc. Doc. 1. That same day, Plaintiff filed an ex parte motion for temporary restraining order ("TRO"). Doc. 2.

On June 3, 2026, the magistrate judge issued findings and recommendations to deny the motion for TRO. Doc. 6. The magistrate judge found that Plaintiff failed to establish this Court's jurisdiction over the claims asserted and failed to establish that the signatory to Plaintiff's complaint, Alberto S. Godoy, may appear as representative on behalf of Plaintiff. *Id.* at 5-9. Further, the magistrate judge found that Plaintiff failed to properly notify Defendants of the motion. *Id.* at 9-10. The magistrate judge also examined two of the factors governing the availability of injunctive relief, namely the likelihood of success on the merits of the claims and the likelihood of irreparable harm in the absence of an injunction, *see Winter v. Nat. Res. Def.*

*Council, Inc.*, 555 U.S. 7 (2008), and determined that both factors weighed in favor of denying Plaintiff's motion. *Id.* at 10-22.

In brief, the magistrate judge found that the criminal statutes Plaintiff cites do not entitle Plaintiff to any relief in this civil action; that Plaintiff's claims under 42 U.S.C. § 1983 are not brought against any proper defendant and are also based on vague and conclusory assertions; that the alleged facts do not support the existence of a security, a necessary element for a number of Plaintiff's claims; and that Plaintiff failed to demonstrate a likelihood of success on the merits on any claim. *Id.* at 10-21. Regarding irreparable harm, the magistrate judge concluded that, at most, Plaintiff has shown such harm is possible, rather than likely, which is insufficient to warrant a grant of emergency relief. *Id.* at 21-22.

The Court served the findings and recommendations on Plaintiff and notified it that any objection were due within 14 days. *Id.* at 23. Plaintiff was advised that a "party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal." *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). Plaintiff did not file any objections and the time to do so has expired.

Pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, the Court HEREBY ORDERS:

1. The findings and recommendations issued on June 3, 2026, Doc. 6, are ADOPTED IN FULL; and
2. Plaintiff's motion for temporary restraining order, Doc. 2, is DENIED.

IT IS SO ORDERED.

Dated: July 27, 2026

UNITED STATES DISTRICT JUDGE