UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANKASA LAND TRUST,<br>Plaintiff,<br>v.<br>TOTAL LENDER SOLUTIONS, INC., *et al.*,<br>Defendants. | 1:26-cv-03827-KES-CDB<br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION<br>(Doc. 2)<br>**14-DAY OBJECTION DEADLINE** |

**Background**

Plaintiff Bankasa Land Trust initiated this action with the filing of a complaint on May 18, 2026, asserting causes of action against Defendants Total Lender Solutions, Inc. ("TLS"), Urbane Development, LLC ("URD"), and MK Consultant, Inc. ("MKC"). (Doc. 1). That same day, Plaintiff filed an *ex parte* motion for temporary restraining order ("TRO"). (Doc. 2). Plaintiff's allegations generally relate to a dispute involving a trustee sale of a property for which Plaintiff claims to have a secured interest.

On June 3, 2026, the undersigned recommended to the presiding district judge that Plaintiff's motion for TRO be denied. (Doc. 6). Therein, the undersigned concluded that Plaintiff failed to carry his burden of demonstrating that the Court has subject matter jurisdiction over the claims asserted, among other deficiencies. Following service of the findings and recommendations upon Plaintiff,[1] on July 28, 2026, the presiding district judge adopted the findings and

[1] The findings and recommendations were returned to the Court on June 17, 2026, indicating "Undeliverable, RTS, not deliverable as addressed, unable to forward." *See* docket

recommendations and denied the motion for TRO. (Doc. 8).

Because it appeared Plaintiff may be unable to cure the defects noted by the Court regarding subject matter jurisdiction, on August 7, 2026, the Court ordered Plaintiff to show cause in writing within 14 days why this action should not be dismissed for lack of subject matter jurisdiction. (Doc. 11). In its order, the Court admonished Plaintiff: "Any failure by Plaintiff to comply with this Order and timely file a response will result in the imposition of sanctions, including a recommendation to dismiss this action." *Id.* (emphasis in original).

Plaintiff has failed to timely respond to the Court's order. Accordingly, the undersigned will recommend dismissal of the action without prejudice as the Court is without subject matter jurisdiction over Plaintiff's claims.

**Discussion**

The Court has a duty to consider its own subject matter jurisdiction, regardless of whether the issue is raised by the parties and is required to dismiss an action over which it lacks jurisdiction. *See Morongo Bank of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3). Federal courts have limited jurisdiction and can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 551 U.S. 375 (1994). "To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for the federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction." *Martinez v. Hoff*, No. 1:19-cv-00923-LJO-SKO, 2019 WL 3564178, at *1 (E.D. Cal. Aug. 6, 2019). Courts "'possess only that power authorized by Constitution and statute,'" and "must presume 'that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Newtok Village v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021) (quoting *Kokkonen*, 511 U.S. at 377).

///

---

entry 6/17/2026. Plaintiff failed to timely provide the Court with any updated address information, as required by E.D. Cal. Local Rule 183(b). Service was effective pursuant to E.D. Cal. Local Rule 135(e).

### ***A. Analysis - Diversity Jurisdiction***

28 U.S.C. § 1332(a) vests district courts with original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Here, Plaintiff does not allege its citizenship in the complaint. *See* (Doc. 1). However, Plaintiff asserts in the civil cover sheet attached to the complaint that it is organized under the laws of the state of California. (Doc. 1-1 at 1). Plaintiff also asserts, in both the civil cover sheet and the complaint itself, that TLS is a citizen of California. *Id*; (Doc. 1 at 3). Thus, there is not complete diversity as Plaintiff and TLS are both citizens of California and, accordingly, the Court lacks jurisdiction on the basis of diversity.

### ***B. Analysis – Federal Question***

A case "arises" under federal law either where federal law itself creates the cause of action or where the vindication of a state law right would "necessarily [turn] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). Stated otherwise, a claim arises under federal law if the complaint cognizably pleads that federal law created the claim asserted or the plaintiff's right to relief necessarily depends on resolving a substantial question of federal law. *Franchise Tax Bd*, 463 U.S. at 27-28. Courts determine whether they have federal question jurisdiction by applying the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that passing

references to federal issues are not a "password opening federal courts to any state action embracing a point of federal law").

Here, Plaintiff's complaint is unclear as to the precise allegations. Plaintiff references numerous federal statutes. However, mere references to federal statutes are not enough to establish federal jurisdiction. *See Roberts v. Olson*, No. 22-cv-1373 JLS (BLM), 2023 WL 1869337, at *1 (S.D. Cal. Jan. 25, 2023) ("Mere reference to some aspect of federal law in the complaint does not automatically establish federal question jurisdiction.") (citation and quotation omitted). As discussed further *infra*, Plaintiff does not cognizably plead facts sufficient to present a federal question on the face of the complaint.

Plaintiff also cites, without elaboration, to federal criminal statutes under Title 18 of the U.S. Code (Doc. 1 at 29-30), and includes causes of action for bank fraud, forfeiture, malicious mischief, and aggravated identity theft (Doc. 1-1 at 4). References to criminal statutes do not state a claim for relief in a civil proceeding. *See Clinton v. Allison*, No. 3:23-cv-01471-CAB-SBC, 2024 WL 1859956, at *10 (S.D. Cal. Apr. 29, 2024) (discussing plaintiff's references to federal and state criminal statutes and finding "criminal statutes do not give rise to civil liability under section 1983"); *Jones v. Cnty. of Sonoma*, No. 23-cv-02730-CRB, 2024 WL 1354496, at *4 (N.D. Cal. Mar. 29, 2024) (finding plaintiff "fails to state a claim under 18 U.S.C. § 1503 because the statute only applies to criminal cases and does not provide a civil cause of action"); *Bland v. Gross*, No. 1:20-cv-00542-DAD-BAM (PC), 2021 WL 120964, at *1 (E.D. Cal. Jan. 13, 2021) ("'Title 18 of the United States Code is a criminal statute and does not provide individual plaintiffs with a private cause of action.'") (quoting *Kennedy v. World Sav. Bank, FSB*, No. 14-cv-05516-JSC, 2015 WL 1814634, at *7 (N.D. Cal. Apr. 21, 2015)). Accordingly, the criminal statutes do not themselves establish a basis for jurisdiction.

* * * * *

Based on the analysis above, this Court lacks jurisdiction over Plaintiff's claims on either a diversity or federal question basis. Accordingly, the action must be dismissed. *Morongo Bank of Mission Indians*, 858 F.2d at 1380; *see Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice.").

**Conclusion and Recommendation**

For the foregoing reasons, the undersigned RECOMMENDS that this action be dismissed without prejudice for lack of subject matter jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 27, 2026**

UNITED STATES MAGISTRATE JUDGE